SO ORDERED: January 11, 2010.



```
                    _____
                    James K. Coachys
                    United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KIMBERLY TAYLOR, | ) | Case No. 08-12057-JKC-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| KIMBERLY TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 09-50623 |
| | ) | |
| IU MEDICAL GROUP and | ) | |
| THE BUSINESS OFFICE, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING DEFENDANT THE BUSINESS OFFICE, P.C.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

This matter came before the Court on Defendant The Business Office, P.C.'s ("TBO") Motion to Dismiss Debtor/Plaintiff Kimberly Taylor's ("Debtor") Amended Complaint Seeking Damages for Violation of the Discharge Injunction, the Fair Debt Collection Practices Act, and Indiana Law (the "Motion"). In the Motion, TBO argues that Debtor's Amended Complaint should

be dismissed pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, the Court grants the Motion.

## The Amended Complaint

Under the heading "Factual Allegations," Debtor sets forth the following:

11. Plaintiff filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on September 30, 2008.

12. The defendant was listed on Schedule F.

13. Notice of the meeting of creditors was mailed to IU Medical Group by the Bankruptcy Noticing Center on December 18, 2008.

14. The meeting of creditors was held on November 19, 2008, at Indianapolis, Indiana.

15. The debtor received a Chapter 7 discharge by Order of the Court signed January 22, 2009. Notice of the discharge was mailed to the defendant, IU Medical Group, by the Bankruptcy Noticing Center on January 25, 2009.

16. The discharge order signed by the Court on January 22, 2009, and mailed to the defendant by the Bankruptcy Noticing Center contains the following language:

    "Collection of Discharged Debts Prohibited:
    The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor . . . A creditor who violates this order can be required to pay damages and attorney's fees to the debtor."

17. Despite the notices of the bankruptcy filing and of the discharge order, the defendant is still actively seeking a pre-petition, discharged debt from the debtor.

18. On December 8, 2008, The Business Office Payment Center sent a letter to the plaintiff as an attempt to collect Plaintiff's alleged debt to IU Medical Center.

19. The Business Office is not a licensed collection agency in Indiana under I.C. 25-11-1.

20. Pursuant to I.C. 25-11-1-7(a), "[i]t is unlawful for any person to conduct, within this state, a collection agency without first having applied for and obtained a license under the provisions of this chapter."

22. As a result of the defendant's actions, the debtor has suffered anxiety and emotional distress, the fear of a lawsuit, of having her credit further harmed, and has endured the loss of time and expense associated with rectifying the matter.

Following these factual allegations, Debtor set forth three claims for relief, under the headings "First Claim for Relief: Violation of the FDCPA," "Second Claim for Relief: Violation of Ind. Code 35-43-5-3," and "Third Claim for Relief: Violation of Ind. Code 36-43-1-3."

**Discussion and Decision**

In its Motion, TBO contends that the Court lacks subject matter jurisdiction over Debtor's claims and that the Amended Complaint should be dismissed pursuant to Federal Rule of Bankruptcy Procedure 12(b)(1). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chicago.,* 320 F.3d 698, 701 (7th Cir.2003).

In its supporting brief, TBO first argues that Debtor's claim for violation of the discharge injunction should be dismissed because the Code does not grant a private right of action for such violations. While the Court agrees with TBO,[1] the Court disagrees with the underlying premise that

---

[1] As TBO argues, § 524 of the Code does not create a private right of action. Thus, the remedy for violation of the discharge injunction is contempt. *Cox v. Zale Delaware, Inc.,* 239 F.3d 910 (7th Cir.2001); *Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421-23 (6th Cir.2000); *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, 507-10 (9th Cir.2002). A request for a finding of contempt arising out of an alleged violation of a court order, such as this discharge order here, must be brought as a motion, and not as an adversary proceeding. *In re Consolidated Industries Corp.,* 360 F.3d 712, 716 (7th Cir.2004).

3

Debtor has, in fact, asserted such a claim. As indicated above, the Amended Complaint enumerates three distinct claims, none of which are for violation of the discharge injunction. Furthermore, the only conduct alleged in the Amended Complaint occurred on December 8, 2008–*prior to* entry of the discharge. While such action may have violated the automatic stay, Debtor has not asserted a claim under 11 U.S.C. § 362.

Debtor's Amended Complaint–at least in this regard–is sloppy, and the Court refuses to read into it a claim either for violation of the discharge injunction (which is not supported by the facts alleged) or violation of the automatic stay (which is not mentioned at all). The Court notes that in response to IU Medical Group's separately filed Motion to Dismiss, Debtor indicated plans to file another amended complaint alleging a violation of the automatic stay, but no such amended complaint has been filed, nor has Debtor sought leave from the Court to do so.

In support of its Motion, TBO further argues that Debtor's explicitly stated claims, *i.e.*, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (the "FDCPA"), and Indiana Code §§ 35-43-5-3 and 35-43-1-3, should be dismissed because the Court lacks subject matter jurisdiction over them. As explained below, the Court agrees.

The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in and limited by statute. *Celotex v. Edwards,* 514 U.S. 300, 307, 115 S.Ct. 1493, 1498, 131 L.Ed.2d 403 (1995). Pursuant to 28 U.S.C. § 1334(b), district courts have jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." Bankruptcy judges "constitute a unit of the district court," 28 U.S.C. § 151, and the district court may refer to them "any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. §

157(a). The jurisdiction of the bankruptcy courts is thus "derivative" because it flows from the statutory grant of jurisdiction to the district courts. *In re K & L, Ltd.*, 741 F.2d 1023, 1028 (7th Cir.1984).

A bankruptcy case or proceeding "arises under" title 11 when the cause of action is based on a right or remedy expressly provided in the Bankruptcy Code. *In re Kewanee Boiler Corp.,* 270 B.R. 912, 917 (Bankr.N.D.Ill.2002). "Arising in" jurisdiction exists when the proceeding does not arise under a specific statutory provision of the Bankruptcy Code but would have no practical existence but for the bankruptcy. *Banc of Am. Inv. Serv., Inc. v. Fraiberg* ( *In re Conseco*), 305 B.R. 281, 285 (Bankr.N.D.Ill.2004). This primarily includes administrative matters that arise only in bankruptcy cases. *See In re Wood*, 825 F.2d 90-96-97 (5th Cir. 1987). "Related to" jurisdiction exists over proceedings that affect the amount of property for distribution from the estate or the allocation of property among creditors. *In re FedPak Sys., Inc.,* 80 F.3d 207, 213-14 (7th Cir.1996).

Debtor's claims under the FDCPA and Indiana state law clearly do not "arise under" the Bankruptcy Code. Nor do the claims "arise in" a bankruptcy case as they are wholly unrelated to the administration of Debtors' estate and are not dependent on the bankruptcy case for their existence. It also cannot be said that the claims are "related to" a case under the Bankruptcy Code as they will not affect the amount of property to be distributed to the bankruptcy estate or the allocation of property among creditors. Even if Debtor prevails on her claims, the recovery would inure only to her benefit.

Based on the foregoing, the Court cannot conclude that it has "arising under," "arising in," or "related to" jurisdiction over Debtors' enumerated claims. A number of other courts have reached the same conclusion with respect to post-petition FDCPA (or similar non-bankruptcy consumer

protection statutes). *See e.g., Biege v. Sallie Mae, Inc (In re Biege)*, 417 B.R. 697, 701 (Bankr.M.D.Pa.2009); *Vienneau v. Saxon Capital, Inc. (In re Vienneau)*, 410 B.R. 329, 334 (Bankr.D.Mass.2009); *Harlan v. Rosenberg & Assocs., Inc. (In re Harlan)*, 402 B.R 703, 712 and n.4 (Bankr.W.D.Va.2009) (collecting other cases); *In re Gates*, WL 3237345 (Bankr.W.D.Va.2004) (in concluding that it lacked "related to" jurisdiction, the court stated that it "is insufficient that [FDCPA] claims are 'related to' other claims over which the court has sufficient subject matter jurisdiction."); *McGlynn v. Credit Store, Inc.*, 234 B.R. 576 (D.R.I. 1999).

The Court also declines Debtor's invitation to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).[2] First, there is nothing here to supplement for, as explained above, Debtor has not plead any other claim that squarely falls within this Court's jurisdiction. Second, by its very language, § 1367(a) applies only to *district* courts and does not expand the limited jurisdiction conferred upon bankruptcy courts pursuant to 28 U.S.C. §§ 157 and 1334. *See In re Conseco, Inc.,* 305 B.R. 281, 87 (Bankr.N.D.Ill.2004); *In re Fisher,* 151 B.R. 895, 899 (Bankr.N.D.Ill.1993).

### Conclusion

Having found no basis upon which to exercise subject matter jurisdiction over Debtor's claims, the Court grants. TBO's Motion to Dismiss. Debtor's Amended Complaint against TBO is hereby dismissed in its entirety.

###

---

[2] Section 1367 provides:
Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Distribution:

Peter A. Velde
Krista Steinmetz Zorilla
John T. Steinkamp
UST